IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| KHALIL S. MAXWELL,  §  <br>Reg. No. 01588-480,  §  <br>　　Movant,  §  <br>　　　　　　　　　　　　　§ | EP-20-CV-161-KC |
| v.　　　　　　　　　　　§ | EP-18-CR-53-KC-1 |
| 　　　　　　　　　　　　　§ | |
| UNITED STATES OF AMERICA,  §  <br>　　Respondent.  § | |

## MEMORANDUM OPINION AND ORDER

Khalil S. Maxwell moves to vacate or, in the alternative, reduce his sentence through a motion under 28 U.S.C. § 2255. Mot. to Vacate, ECF No. 189.[1] He claims his counsel provided constitutionally ineffective assistance. But because it plainly appears from his motion and the record that he is not entitled to relief, the Court will deny his § 2255 motion. 28 U.S.C. foll. § 2255 Rule 4(b). The Court will additionally deny him a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

On February 1, 2019, Maxwell pleaded guilty, pursuant to a plea agreement, to sex trafficking children and conspiracy to sex traffic a person. Am. J. Crim. Case 1, ECF No. 187. His guideline imprisonment range was life based on a total offense level of 43 and a criminal history category of III. Statement of Reasons 1, ECF No. 182. However, his plea agreement contained a non-binding sentencing recommendation, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), of 300 months' imprisonment. Addendum 1, ECF No. 146. His sentencing court—this Court—found the downward departure was reasonable. Statement of Reasons 2. He was accordingly sentenced to 300 months' imprisonment. Am. J. Crim. Case 2. He did not appeal.

Maxwell now claims his counsel provided constitutionally ineffective assistance when he failed to explain the charges against him and the Government's burden of proof. Mot. to Vacate 4. He also asserts his counsel did not tell him about the impact on his sentence of the proposed enhancements in his

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-18-CR-53-KC-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

presentence investigation report (PSR), failed to make objections to the proposed enhancements, and advised him not to appeal his sentence. Mem. in Supp. 2, ECF No. 189-1. He asks the Court to vacate his sentence or, in the alternative, reduce his sentence. *Id*. at 5. He also asks for an evidentiary hearing.

## APPLICABLE LAW

A § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). Relief under § 2255 is warranted for errors that occurred at trial or at sentencing. *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131 (5th Cir. 1987). Before a court will grant relief, however, the movant must establish that (1) his "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). Ultimately, the movant bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)). "If it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." 28 U.S.C. foll. § 2255 Rule 4(b); *see also* 28 U.S.C. § 2255(b); *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence—and not necessarily direct evidence—that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

Generally, an ineffective-assistance-of-counsel claim presented in a § 2255 motion is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail, a movant must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689–94. This means a movant must show that counsel's performance was outside the broad range of what is considered reasonable

assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001). "[C]ounsel's assistance is deficient if it falls 'below an objective standard of reasonableness.'" *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *Strickland*, 466 U.S. at 688). "[T]o prove prejudice, 'the defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). In cases involving counsel's performance at the sentencing stage, the Supreme Court and the Fifth Circuit have emphasized that *Strickland* prejudice exists whenever there is a reasonable probability that, but for counsel's errors, the defendant's term of actual imprisonment would have differed in "any amount." *Id.*, at 842 (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)). If the movant fails to prove one prong, it is not necessary to analyze the other. *See Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir.1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir.1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

## ANALYSIS

Maxwell first claims his counsel provided constitutionally ineffective assistance when he failed to explain the charges against him and the prosecution's burden of proof. Mot. to Vacate 4. The record does not support these claims.

In the plea agreement, Maxwell decided to plead guilty to counts one and twelve of an indictment charging him with sex trafficking children and conspiracy to sex traffic a person. Plea Agreement 1–2. He indicated that he understood he was waiving '[t]he right to a speedy and public jury trial." *Id.* at 5. He acknowledged that his attorney advised him "of the nature of the charge, any possible defense to the charges, and range of possible sentences." *Id.* at 8. He also admitted that the factual basis supporting his plea of guilty was "true and correct." *Id.* Thus, Maxwell acknowledged that his attorney advised him "of the nature of the charge, any possible defense to the charges, and range of possible sentences," and waived

his "right to a . . . trial"—which included his right to have the Government provide its case beyond a reasonable doubt.  *Id*. at 5, 8.

Any document signed by a defendant in connection with a guilty plea is entitled to "great evidentiary weight."  *United States v. Abreo*, 30 F.3d 29, 32 (1994).  "[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."  *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).  "In the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we [can find] no merit to these [claims]."  *Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992).

The Court simply cannot accept Maxwell's attempt to disavow the accuracy and truthfulness of his statements in his plea agreement through his conclusory statements about the ineffectiveness of his counsel unsupported by any evidence.

After Maxwell signed the plea agreement, he appeared before the United States Magistrate Judge to enter his pleas.  R. & R., ECF No. 150.  He claimed, under oath, that he fully understood "the nature of the charge and the maximum possible penalties, including any imprisonment, applicable mandatory minimum penalties, fine, term of supervised release, as well as any forfeiture or restitution."  *Id.* at ¶ 8.  He also indicated he fully understood the terms of the plea agreement, including the waiver of his right to appeal his sentence.  *Id.* at ¶ 9.

A court gives "great weight" to sworn statements given during a plea colloquy—and these declarations "carry a strong presumption of verity."  *United States v. Cothran*, 302 F.3d 279, 283–84 & 284 n. 2 (5th Cir. 2002) (quotation omitted).  A "defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath."  *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).  Consequently, "the representations of the defendant . . . at the original plea hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent

4

collateral proceedings." *Montoya v. Johnson*, 226 F.3d 399, 406 (5th Cir. 2000) (quoting *Blackledge v. Allison*, 431 U.S. 63, 71 (1977)).

Maxwell acknowledged, under oath, during his plea colloquy that he understood the nature of the charges against him. R. & R. ¶ 8. He also acknowledged that by pleading guilty, he waived his "right to a trial," including "the right to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses." *Id.* ¶ 7. In other words, his right to make the Government meet its burden of proof. Maxwell, through his conclusory assertions unsupported by any evidence, has not overcome the "formidable barrier" to refuting his sworn testimony given at his plea hearing.

Maxwell also claims his counsel failed to advise him on how enhancements might apply to his sentence, failed to make any objections to the enhancements in the PSR, and advised him not to appeal his sentence. Mem. in Supp. 2. These claims will also not entitle him to relief.

Maxwell was sentenced to 300 months' imprisonment pursuant to the terms of a non-binding recommendation in his plea agreement made under Rule 11(c)(1)(B)—not in accordance with the Sentencing Guidelines (or the recommendations in the PSR). Addendum 1, ECF No. 146; Statement of Reasons 2; Am. J. Crim. Case 2. He has failed to identify any errors in or possible objections he might have raised to the PSR in his § 2255 motion. He also waived his right to attack his sentence on appeal. Plea Agreement 6–7. Hence, his objections to the proposed enhancements—or his subsequent appeal of his sentence—would have served no purpose.

In sum, Maxwell makes only conclusory assertions that his counsel provided constitutionally ineffective assistance. As a result, Maxwell has not shown (1) his counsel's performance fell below an objective standard of reasonableness or (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 689–94. More specifically, he has not shown there is a reasonable probability that, but for his counsel's purported errors, his term of actual imprisonment would have differed in "any amount." *Conley*, 349 F.3d at 842. Indeed, the evidence against Maxwell was overwhelming and, but for the

plea agreement, he probably would have received a substantially longer sentence. Hence, it plainly appears from Maxwell's motion and the record that he is not entitled to relief. 28 U.S.C. foll. § 2255 Rule 4(b).

## EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself). The record in this case is adequate to dispose fully and fairly of Maxwell's claims. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). In cases where a district court rejects a movant's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings). To warrant a certificate as to claims that a district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Maxwell's § 2255 motion fails because he has not identified a transgression of his constitutional rights or alleged an injury that would, if condoned, result in a complete miscarriage of justice. Additionally, reasonable jurists could not debate the Court's reasoning for the denial of his § 2255 claims on substantive or procedural grounds—or find that his issue deserves encouragement to proceed. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, the Court will not issue a certificate of appealability.

## CONCLUSION AND ORDERS

The Court concludes it plainly appears from Maxwell's § 2255 motion and the record of prior proceedings that he is not entitled to relief. Consequently, the Court enters the following orders:

**IT IS ORDERED** that Maxwell's motion for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED** that Maxwell's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 189) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions in this cause, if any, are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Maxwell is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SIGNED this 4th day of August, 2020.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE